**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ALBERTO GARAY-GUZMAN, | No.    15-70362 |
| Petitioner, | Agency No. A087-534-879 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Carlos Alberto Garay-Guzman, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

We do not consider new factual claims referenced in Garay-Guzman's opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

Substantial evidence supports the agency's determination that, even if credible, the past harm Garay-Guzman suffered did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (unfulfilled threats generally do not constitute past persecution). Substantial evidence also supports the agency's determination that Garay-Guzman failed to establish a clear probability of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010) (evidence did not compel a finding of a clear probability of future persecution to qualify for withholding of removal). Thus, Garay-Guzman's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**